# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**DANIEL ODEL TIMMONS,**<br><br>                   Debtor | Chapter 7<br>Case No. 06-11109-RS |

ENTERED ON DOCKET
5/12/06

## ORDER REGARDING RELIEF FROM STAY
## (WM SPECIALTY)

Before the Court is a motion by WM Specialty Mortgage, LLC ("WM") for relief from stay (a) to enforce a mortgage on the Debtor's Weymouth condominium ("Property") and (b) to counter-claim and seek injunctive relief in a pre-petition state court action commenced by the Debtor against WM ("State Court Action"). The Debtor opposes the Motion ("Opposition"). The Chapter 7 Trustee does not oppose the Motion but seeks an accounting by WM as to its disposition of the Property upon relief from stay.

For the reasons set forth below, the Motion is granted in part and denied in part.

### Background

The Debtor is a serial filer having commenced (a) a Chapter 13 case on February 20, 2006 (dismissed on April 7, 2006 upon the Debtor's withdrawal motion) and (b) the present Chapter 7 case on April 24, 2006.

The Debtor is the record owner of the Property. He has yet to file his schedules of assets

and debts in the Chapter 7 case. No party in interest has yet sought to demonstrate that the filing of the Chapter 7 case is in good faith.

WM claims to hold a $150,000 promissory note from the Debtor ("Note") and a related mortgage on the Property to secure the Note ("Mortgage"). Further, WM claims that the balance on the Note is $172,065.59 as of April 24, 2006 and that the Property has a fair market value of $218,000 as reflected in a December 1, 2005 appraisal. Lastly, WM claims that the Debtor, after dismissal of the Chapter 13 case and before commencement of the Chapter 7 case, recorded a notice of reconveyance of the Property improperly reflecting the discharge of the Debtor's obligations to WM ("Reconveyance Notice"). WM seeks relief from stay to foreclose on the Property under the Mortgage and to move in the State Court Action to invalidate the allegedly objectionable elements of the Reconveyance Notice.

In support of the Motion, WM alleges ten months arrearages and a lack of equity in the Property coupled with the Property not being necessary for an effective reorganization.

In support of the Opposition, the Debtor alleges a lack of due process in the Court's consideration of the Motion and various defects in the Note and Mortgage and in WM's claim thereunder (including WM's inability to produce the original Note and the Debtor's denial that he signed the Note or the Mortgage.)

On May 4, 2006, the Court held a non-evidentiary hearing on the Motion on an expedited basis. Based upon the Motion, the Opposition, the arguments, the record, and applicable law, the Court makes the following findings and rulings.

### **Findings**

1. The Court's consideration of the Motion on an expedited basis was in accordance with applicable law and rules; the Debtor had notice and an opportunity to be heard

on the Motion and to submit and present the Opposition; and the Court fully considered the Opposition and the Debtor's arguments with respect thereto.

    2.    WM's interest in the Property is adequately protected by an equity cushion.

    3.    Whether the Debtor (as distinguished from the estate) has equity in the Property is a matter yet to be determined in the absence of his schedule of exempt property and pending a final determination of the matters at issue in the State Court Action.

    4.    The Debtor's allegations of defects in the Note and Mortgage and in WM's claims thereunder have already been joined in the State Court Action and are quintessential state law matters customarily and efficiently resolved in state court.

    5.    WM is entitled to defend against the Debtor's actions seeking to thwart WM's effort to establish its claims under the Note and the Mortgage and with respect to the Property, and to do so in the State Court Action.

## Rulings

    1.    The Motion is granted to the extent of relief from stay to WM to litigate the Note and Mortgage fully in the State Court Action whether by way of counter-claim, injunctive relief or otherwise but only to establish liability and not to collect or to enforce such liability against the Debtor or the Property absent either further order of the Court or dismissal of the Chapter 7 case.

    2.    The Court will hold a further hearing on the Motion on June 6, 2006 at 10:45 a.m. to further consider the adequacy of the protection afforded WM by the aforesaid equity cushion,

the status of the State Court Action and the effect, if any, of the provisions of Section 362(c)(3)

of the Bankruptcy Code on the Chapter 7 case.

Dated: May __, 2006                    Robert Somma
                                       United States Bankruptcy Judge


cc:    Daniel Odel Timmons
       Mark G. DeGiacomo, Chapter 7 Trustee
       John Fitzgerald, Assistant U.S. Trustee
       Lauren A. Solar, Esq., Counsel to WM Specialty Mortgage LLC